## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ADAM WETZEL,** | |
| **Plaintiff,** | |
| **v.** | **Civil No.  12-1341 (JDB)** |
| **UNITED STATES DEPARTMENT OF VETERANS AFFAIRS,** | |
| **Defendant.** | |

## MEMORANDUM OPINION

This case arises out of duplicate requests made under the Freedom of Information Act ("FOIA") to the defendant U.S. Department of Veterans Affairs ("VA").  Plaintiff Adam Wetzel is a resident of the District of Columbia whose attorneys made two FOIA requests seeking information related to other pending litigation involving Wetzel.  The attorneys did not obtain the desired information, and Wetzel filed suit in this Court.  Wetzel seeks, among other things, declaratory relief that the agency has denied his request and an order compelling the agency to produce the relevant documents.  The VA has moved to dismiss for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1).  For the reasons set forth below, the Court concludes that Wetzel did not make a request within the meaning of FOIA and therefore lacks standing to challenge the VA's actions.  The motion to dismiss will be granted.

## BACKGROUND

Wetzel's attorney Charles Daugherty contacted the VA in writing to request documents under FOIA on March 6, 2012.  See Ex. A to Compl. [Docket Entry 1-1] (Aug. 14, 2012). Specifically, he sought legal documents regarding the purchase of Wetzel's condominium, which was funded by a VA mortgage.  See id.  The letter further indicated that the "requests are sought

pursuant to litigation in the Superior Court of the District of Columbia, *Wetzel v. Capital City Real Estate*, Case Number: 2011 CA 006131 B." Id. Daugherty provided his own name as "[r]equester's [n]ame" and wrote in the first line that "the undersigned is seeking particular records within the possession of the Department of Veterans Affairs." Id. Only Daugherty signed the letter. Id.

The VA responded to Daugherty acknowledging receipt of his FOIA request. See Ex. B to Compl. [Docket Entry 1-2] (Aug. 14, 2012). The letter apprised Daugherty that the particular office that received his request did not have the records and that it was referring the request to a different VA office, the Veterans Benefits Administration. See id. The letter also provided contact information for Daugherty to follow up with the request at the Veterans Benefits Administration. See id.

Daugherty's colleague Jimmy Ray Howell, Jr., filed an essentially duplicate FOIA request on April 30, 2012. See Ex. C to Compl. [Docket Entry 1-3] (Aug. 14, 2012). Howell asked for the same records as Daugherty had, but Howell's request contained an additional line that "[t]he requester law firm represents the veteran in connection with a dispute against the property builder in litigation pending in the Superior Court for the District of Columbia, captioned as *Adam Wetzel v. Capital City Real Estate*, No. 2011 CA 006131 B." Id. Like Daugherty, Howell gave his own name as "[r]equester's [n]ame." Howell also wrote in the first line that "the undersigned is seeking particular records within the possession of the Department of Veterans Affairs," id., and only Howell – not Wetzel – signed the request. See id.

The VA contacted Howell, stating that his request was a duplicate of Daugherty's original March 6, 2012, request. See Ex. D to Compl. [Docket Entry 1-4] (Aug. 14, 2012). Accordingly, the agency notified Howell that it was closing his April 30, 2012, request. See id.

The agency then informed Daugherty that it needed authorization from the person whom the records concerned (Wetzel) in order to proceed with the FOIA request.  See Ex. E to Compl. [Docket Entry 1-5] (Aug. 14, 2012).  Wetzel signed a release form on June 12, 2012.  See Ex. F to Compl. [Docket Entry 1-6] (Aug. 14, 2012).   On the form, Wetzel listed Howell and Ian Stumpf (another attorney and colleague of Daugherty and Howell) as persons to whom he authorized the VA to disclose his personal information; Wetzel did not list Daugherty.  See id. Stumpf emailed Wetzel's signed release form to the VA on June 12, 2012.  See Ex. G to Compl. [Docket Entry 1-7] (Aug. 14, 2012).

After receiving no further response from the VA, Howell sent an email initiating an appeal with the VA.  See Ex. H to Compl. [Docket Entry 1-8] (Aug. 14, 2012).  In that email, Howell stated that "the undersigned represents Mr. Adam Wetzel in connection with the above-referenced appeal" and alleged that the agency "has constructively denied Mr. Wetzel's FOIA request."  Id.

Wetzel commenced this action on August 14, 2012, alleging that the agency constructively denied the FOIA requests and that the agency further denied the appeal Howell initiated.  The VA filed a motion to dismiss under Rule 12(b)(1), arguing that Wetzel does not have standing because he did not make the FOIA requests.

## STANDARD OF REVIEW

"[I]n passing on a motion to dismiss, whether on the ground of lack of jurisdiction over the subject matter or for failure to state a cause of action, the allegations of the complaint should be construed favorably to the pleader."  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see also Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 164 (1993).  Therefore, the factual allegations must be presumed true, and plaintiffs must be given

every favorable inference that may be drawn from the allegations of fact.  See Scheuer, 416 U.S. at 236; Sparrow v. United Air Lines, Inc., 216 F.3d 1111, 1113 (D.C. Cir. 2000).  However, the Court need not accept as true "a legal conclusion couched as a factual allegation," nor inferences that are unsupported by the facts set out in the complaint.  Trudeau v. FTC, 456 F.3d 178, 193 (D.C. Cir. 2006) (quoting Papasan v. Allain, 478 U.S. 265, 286 (1986)) (internal quotations marks omitted).

Under Rule 12(b)(1), the party seeking to invoke the jurisdiction of a federal court – Wetzel here – bears the burden of establishing that the court has jurisdiction.  See US Ecology, Inc. v. Dep't of the Interior, 231 F.3d 20, 24 (D.C. Cir. 2000); see also Grand Lodge of the Fraternal Order of Police v. Ashcroft, 185 F. Supp. 2d 9, 13 (D.D.C. 2001) (a court has an "affirmative obligation to ensure that it is acting within the scope of its jurisdictional authority").  "'[P]laintiff's factual allegations in the complaint . . . will bear closer scrutiny in resolving a 12(b)(1) motion' than in resolving a 12(b)(6) motion for failure to state a claim."  Grand Lodge, 185 F. Supp. 2d at 13-14 (omission in original) (quoting 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1350 (2d ed. 1987)).  Additionally, a court may consider material other than the allegations of the complaint in determining whether it has jurisdiction to hear the case, as long as it still accepts the factual allegations in the complaint as true.  See Jerome Stevens Pharm., Inc. v. FDA, 402 F.3d 1249, 1253 (D.C. Cir. 2005); EEOC v. St. Francis Xavier Parochial Sch., 117 F.3d 621, 624 n.3 (D.C. Cir. 1997); Herbert v. Nat'l Acad. of Scis., 974 F.2d 192, 197 (D.C. Cir. 1992).

## ANALYSIS

Article III of the U.S. Constitution limits the jurisdiction of the federal courts to cases and controversies.  See Lujan v. Defenders of Wildlife, 504 U.S. 555, 559 (1992).  The standing

doctrine stems from Article III and seeks to ensure that a party has suffered a "concrete and particularized" injury that gives him a stake in the case. See id. at 560. A party cannot invoke the jurisdiction of the court absent such an injury. See Warth v. Seldin, 422 U.S. 490, 498-99 (1975). "The Supreme Court has recognized that 'Congress may enact statutes creating legal rights, the invasion of which creates standing, even though no injury would exist without the statute.'" Zivotofsky ex rel. Ari. Z. v. Sec'y of State, 444 F.3d 614, 617 (D.C. Cir. 2006) (quoting Linda R.S. v. Richard D., 410 U.S. 614, 617 n.3 (1973)). Denial of a statutorily-created right can therefore form the basis of an injury conferring standing.

In the context of FOIA standing, "[t]he filing of a request, and its denial," constitutes an injury. See McDonnell v. United States, 4 F.3d 1227, 1238 (3d Cir. 1993).[1] Stated differently, "[t]he requester is injured-in-fact for standing purposes because he did not get what the statute entitled him to receive." Zivotofsky, 444 F.3d at 617-18; see also Sargeant v. Dixon, 130 F.3d 1067, 1070 (D.C. Cir. 1997) ("The receipt of information is a tangible benefit the denial of which constitutes an injury. . . ."). But if a party has not made a request within the meaning of FOIA, then he does not have standing to bring a lawsuit. See McDonnell, 4 F.3d at 1236-39; Feinman v. FBI, 680 F. Supp. 2d 169, 172 (D.D.C. 2010) (holding that "case law and sound policy" support the conclusion that "standing under FOIA is limited to the person who made the initial request"). Consistent with this principle, courts routinely dismiss FOIA cases for lack of standing by a plaintiff where plaintiff's counsel submitted a request without including the plaintiff's name or clearly indicating that the request was being filed on the plaintiff's behalf.

---

[1] Plaintiff notes in his opposition that the D.C. Circuit called into question a portion of McDonnell in Campbell v. Department of Justice, 164 F.3d 20, 33-34 (D.C. Cir. 1998). Campbell questioned the McDonnell court's finding that "under FOIA deceased persons 'have no privacy interest in nondisclosure of their identities.'" Id. at 34 (quoting McDonnell, 4 F.3d at 1257). But Campbell said nothing about McDonnell's standing analysis. Indeed, standing was not even at issue in Campbell.

See, e.g., McDonnell, 4 F.3d at 1237-38; Haskell Co. v. Dep't of Justice, No. 05-1110, 2006 WL 627156, at *1-2 (D.D.C. Mar. 13, 2006); Three Forks Ranch Corp. v. Bureau of Land Mgmt., 358 F. Supp. 2d 1, 2-3 (D.D.C. 2005); MAXXAM, Inc. v. FDIC, No. 98-0989, 1999 WL 33912624, at *2 (D.D.C. Jan. 29, 1999); Unigard Ins. Co. v. Dep't of the Treasury, 997 F. Supp. 1339, 1342 (S.D. Cal. 1997).

Wetzel's signature does not appear on either Daugherty or Howell's request.  And neither request states that it was filed on Wetzel's behalf.  True, his name is mentioned in the requests, and there is some indication of a representational relationship between the requestors and Wetzel.  But that is not enough.  "[E]ven if a plaintiff is mentioned in the original request, [he] would still lack standing if the request was not clearly made on [his] behalf or otherwise failed to state [his] interest in the request."  Feinman, 680 F. Supp. at 173 (internal quotations marks omitted); see also Three Forks Ranch, 358 F. Supp. 2d at 3 ("[A]n attorney must adequately identify that he is making the FOIA request for his client in order for the client to have standing to pursue a FOIA action.").

The first request by Daugherty refers to a piece of litigation involving Wetzel but does not assert that Daugherty is Wetzel's counsel for that litigation.  Daugherty's interest in that litigation – from all that the request reveals – could be as an onlooker or even counsel on the other side.  The second request by Howell states at the bottom of the first page and top of the second that "[t]he requester law firm represents the veteran in connection with a dispute . . . captioned as Adam Wetzel v. Capital City Real Estate."  See Ex. C to Compl.  It is reasonably evident that Wetzel is the veteran, but the request does not make clear that the attorney-client relationship extends to the FOIA request itself.  Compare Brown v. EPA, 384 F. Supp. 2d 271, 276 (D.D.C. 2005) (finding that the plaintiff had standing to pursue a FOIA claim submitted by

counsel when counsel wrote in the first line "I represent Paula D. Brown" and that "Ms. Brown has hired me to obtain certain documentation pursuant to [FOIA].").  On the contrary, Wetzel's name is never stated as a requester.   Howell's letter, by its own terms, characterizes the law firm – rather than Wetzel – as the requester.

As the VA noted in its reply brief, there is nothing unusual about counsel submitting his own FOIA request for the purpose of obtaining records to use in a client's case.  See Def.'s Reply Br. [Docket Entry 10] at 2 (Dec. 19, 2012).  "[T]he requester's circumstances – why he wants the information, what he plans to do with it, what harm he suffered from the failure to disclose – are irrelevant to his standing."  Zivotofsky, 444 F.3d at 617.   Here, the requester intended to use the information for Wetzel's benefit.  But that does not make Wetzel himself the requester within the meaning of FOIA.  See id.; see also Three Forks Ranch, 358 F. Supp. 2d at 2-3 (finding that, even though the corporation's attorney mentioned the corporation in the request and expressly stated that he represented the plaintiff corporation, the corporation still lacked standing where counsel did not make clear that the request was on behalf of the corporation). Neither Daugherty nor Howell sufficiently signified that he was seeking to obtain the requested documents on behalf of Wetzel.

The relevant documents submitted by Daugherty and Howell cannot reasonably be construed as requests by Wetzel.  At most, the requests indicate that Wetzel, too, has an interest in the information.  But many people might have some interest in the information requested through FOIA.  Such an interest, alone, is insufficient to create standing.  "The filing of a request, and its denial, is the factor that distinguishes the harm suffered by the plaintiff in an FOIA case from the harm incurred by the general public arising from deprivation of the potential benefits accruing from the information sought."  See McDonnell, 4 F.3d at 1238.

Wetzel argues that his situation is analogous to <u>Brown</u>, a case in which a client whose attorney made a FOIA request on her behalf had standing to pursue the FOIA claim in court.  <u>See</u> <u>Brown</u>, 384 F. Supp. 2d at 276-77.  Wetzel is correct that "[t]here is no sensible argument" for interpreting the standing requirement "to strip citizens entirely of the ability to seek relief from government agencies through the representation of counsel."  <u>Id.</u> at 277.  But in <u>Brown</u> – and unlike here – the plaintiff's attorney had made explicitly clear in the FOIA request that he was seeking the documents on behalf of the client.  <u>See id.</u> at 276.   Brown's counsel stated in the first line that he represented the client and that the client had hired him to obtain documents under FOIA.  <u>See id.</u>  The request also included an authorization signed by the plaintiff that authorized the attorney to obtain the documents on her behalf.   <u>See</u> <u>id.</u>  That is not the situation at hand.  The requests here both reference litigation involving Wetzel – and the second shows that the requester represents Wetzel in that litigation – but do not indicate that counsel is requesting the documents on Wetzel's behalf.  The first lines of both Daugherty and Howell's requests state that "the undersigned is seeking particular records," and only Daugherty and Howell, respectively, signed the requests.

Wetzel further argues that <u>Brown</u> controls the outcome here because, in that case and in his, "the record showed the parties understood that the attorney's request was made on behalf of an identified client."  Pl.'s Opp'n to Mot. to Dismiss [Docket Entry 9] at 6 (Dec. 13, 2012).  However, <u>Brown</u> found that "[t]he other correspondence in the record <u>confirms</u> that it was the understanding of all of the parties that [counsel] was making a request for his client rather than on his own behalf."  384 F. Supp. 2d at 276 (emphasis added).  Correspondence outside of the FOIA requests – such as appeals and agency responses to appeals – can thus be used to corroborate a finding that counsel is making a FOIA request on behalf of a client.  <u>See id.</u>  But

external correspondence cannot be interpreted as evidence that counsel is acting on behalf of a client in the absence of some such evidence on the face of the FOIA requests.

For the same reasons, Wetzel's argument that he has standing to challenge the VA's alleged denial of the appeal that Howell made fails.  In filing an appeal with the agency, Howell clearly stated that "the undersigned represents Mr. Adam Wetzel in connection with the above-referenced appeal."  See Ex. H to Compl.  The elucidation of his relationship with the requester on appeal does not change the nature of the request itself.   Unsurprisingly, Wetzel cites no authority for the proposition that communications in the context of an administrative appeal can make a new individual a requester.  His lone cite on that point, prefaced by a "cf." reference, says nothing about the relevance of communications during the agency appeal.  See Pl.'s Opp'n to Mot. to Dismiss at 5 (citing Haskell, No. 05-1110, 2006 WL 627156, at *2).  Rather, that case reinforces the notion that his case should be dismissed for lack of standing; Haskell dismissed plaintiff's claim for lack of standing where plaintiff's law firm had filed the request.  Haskell, No. 05-1110, 2006 WL 627156, at *1-2.

In short, Daugherty and Howell alone were the requesters within the meaning of FOIA. Wetzel does not have standing to sue under FOIA because he "has not administratively asserted a right to receive [the documents] in the first place."  McDonnell, 4 F.3d at 1237.

To be sure, the distinction between a request clearly made on a plaintiff's behalf and one not sufficiently clear might, at the margins, appear thin.  But a line must be drawn to assure that the "request" requirement does not devolve into a general interest inquiry.  Moreover, dismissals on this basis are entirely preventable.  All that this suit required was for Wetzel's attorneys to list Wetzel's name as that of the "requester," or to clearly state in the body of the request that it was made on Wetzel's behalf.  And after choosing a different course before the agency, Wetzel's

attorneys, as the requesters, could have simply filed this suit in their own names.  Having taken

neither of these readily available courses, Wetzel is left without standing to sue himself.

## **CONCLUSION**

For these reasons, defendant's motion to dismiss will be granted.  A separate order will

be issued on this date.


_____/s/_____
JOHN D. BATES
United States District Judge

Dated: June 11, 2013